UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

                           Case No. 11-20188

vs.

                           HON. GEORGE CARAM STEEH

D-4 FRANK HARPER,

              Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 18 U.S.C. § 2255 [DOCS. 256 AND 282]

Following a jury trial, defendant Frank Harper was found guilty of conspiracy (count one), three separate carjackings (counts six, eight, and ten) and three corresponding instances of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (counts seven, nine and eleven).  The court sentenced Harper to 60 months on count one, 97 months each on counts six, eight and ten (concurrent with one another and with count one), 60 consecutive months on count seven, 300 consecutive months on count nine, and 300 consecutive months on count eleven.

Frank Harper appealed his convictions and sentence. On March 3, 2016, the Sixth Circuit Court of Appeals denied his appeal and affirmed his convictions and sentence. On August 2, 2016, Harper filed a petition for writ of certiorari with the Supreme Court. The Supreme Court denied his petition on January 11, 2017.

On June 21, 2016, Harper filed his motion in this court seeking to vacate his convictions and sentence. In his *pro se* motion, Harper challenges his 18 U.S.C. § 924(c) convictions based on *Johnson v. United States*, 135 S.Ct. 2551 (2015). The court subsequently appointed counsel to represent Harper. On August 16, 2017 counsel filed an amended motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, adding four grounds for relief in addition to the arguments made by Harper under *Johnson*.

The following issues are before the court:

Ground One: Pursuant to *Johnson*, whether carjacking is a crime of violence and thus is a predicate offense under § 924(c), and whether § 924(c)'s residual clause is unconstitutionally vague.

Ground Two: Whether Harper should be resentenced based on *Dean v. United States* due to ineffective assistance of appellate counsel, or whether *Dean* applies retroactively on collateral review.

Ground Three:  Whether Harper received ineffective assistance of appellate counsel for failure to challenge the denial of his motion for separate trial under *Bruton v. United States*.

Ground Four:  Whether Harper received ineffective assistance of trial and appellate counsel for failure to challenge certain jury instructions.

Ground Five:  Whether Harper received ineffective assistance of appellate counsel for failure to raise a sentencing issue as to how second or subsequent § 924(c) sentences are to be calculated under *Alleyne v. United States*.

## I.   Carjacking is a Crime of Violence

Harper asserts that his three convictions under 18 U.S.C. § 924(c) should be vacated under the holding of *Johnson v. United States*, which held that the residual clause of a different statute, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. Harper acknowledges that the Sixth Circuit has found that the residual clause in § 924(c)(3)(B), while similar to that in the ACCA, was sufficiently different such that it was not unconstitutionally vague based on the rule announced by the Supreme Court in *Johnson*.  *See United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016).  Harper states, through counsel, that

while he concedes the issue at this point, he wishes to preserve the issue for further appellate review.

For the reasons argued by the government and conceded by defendant, *Johnson* does not provide a ground for relief under § 2255.

II.     Resentencing Under *Dean v. United States*

Frank Harper was convicted of three counts of using a firearm in relation to a crime of violence under 18 U.S.C. § 924(c).  Co-defendants Phillip Harper and Bernard Edmond were also convicted under this statute, and raised sentencing issues in their direct appeal to the Sixth Circuit. While their petitions to the Supreme Court were pending, certiorari was granted in the case of *Dean v. United States*, 137 S.Ct. 1170 (2017) to address whether a district court can consider the mandatory consecutive nature of the § 924(c) convictions at sentencing when considering the sentence for the predicate crimes of violence or drug crimes that the firearms were used "during and in relation to" or possessed "in furtherance of."  The Supreme Court held that "[n]othing in those requirements [of the statutory language] prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense."  *Id.* at 1178.  Phillip Harper and Bernard Edmond received relief from the Supreme Court in their respective

petitions for certiorari on this same issue, which were granted with an order to vacate and remand for resentencing.

Frank Harper who, unlike his co-defendants, did not appeal this issue to the Sixth Circuit, argues that he should nevertheless be resentenced under *Dean*.

A. <u>Procedural Default</u>

The government contends that Harper procedurally defaulted his argument under *Dean* by not raising it in his direct appeal. *Bousley v. United* States, 523 U.S. 614 (1998); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). However, after those cases were decided, the Supreme Court held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). In its discussion, the Court recognized that in most cases, ineffective assistance claims are best litigated in the first instance in the district court. The reason for this is that the trial record primarily contains evidence devoted to guilt or innocence issues, and may not disclose the facts necessary for an appellate court to decide the two prongs of the *Strickland* test. *Id.* at 505. The district judge who presided over the trial often has the advantage of perspective for determining the

effectiveness of counsel's conduct and whether any deficiencies were prejudicial.  *Id.* at 506.  If necessary, the district court can take testimony and create a factual record, which the appellate court is not able to do.

Based on *Massaro*, the court finds that defendant's ineffective assistance of counsel claims are not procedurally defaulted.  However, the court does not find it necessary to hold an evidentiary hearing on the particular issues raised for the first time in defendant's § 2255 motion.

B.  Ineffective Assistance of Appellate Counsel

The familiar two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984), governs the analysis of Harper's ineffective assistance of counsel claims.  The defendant bears the burden of proof as to both prongs.  *Id.* The first prong requires Harper to show that his counsel's representation "fell below an objective standard of reasonableness."  *Id.* at 688.  The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 (citation omitted).  The second prong requires Harper to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Harper argues that failure to raise the issue of whether the district court was permitted to consider a mandatory minimum under § 924(c) when calculating a sentence for the predicate offense was both objectively unreasonable and prejudicial in light of the fact that both of his codefendants received direct appellate relief on the issue.  In this case, the Sixth Circuit affirmed Harper's codefendants' sentences on direct appeal on March 3, 2016, over six months before the Supreme Court granted certiorari in *Dean*.  Appellate counsel could not have predicted the development of the law in *Dean*, and cannot be said to have been ineffective in failing to do so.  *See Thompson v. Warden*, 598 F.3d 281, 288 (6th Cir. 2010).  As for failing to raise the issue in his petition for certiorari, there is "no constitutional right to counsel at the petition-for-certiorari stage," so a defendant cannot establish ineffective assistance from any defects in his attorney's petition. *Nichols v. United States*, 563 F.3d 240, 251 (6th Cir. 2009).

Defendant is no more successful in demonstrating prejudice.  "Where ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525-26 (6th Cir. 2007) (citation omitted).  The holding in *Dean* informs the court

that it "may consider a mandatory sentence imposed under Section 924(c) in determining the proper sentence for the underlying crime of violence." *United States v. Robinson*, No. 17-5200, 2017 WL 4162299, at *2 (6th Cir. Sept. 20, 2017). In this case, the court did take the 55 years of mandatory minimums for the firearm offenses into account in declining to run the sentences on the carjacking and conspiracy charges consecutive to one another. If Harper was to be re-sentenced, the court would be free to impose the same sentence under the dictates of *Dean*. Therefore, Harper has failed to show prejudice to support his ineffective assistance claim.

### C. *Dean* Does Not Apply Retroactively on Collateral Review

Harper contends that *Dean* announced a new rule of law prohibiting a certain category of punishment for a class of defendants because of their offense, and therefore applies retroactively. Alternatively, Harper argues that *Dean* announced a new watershed rule of criminal procedure because courts now have a new understanding of the full scope of discretion to sentence defendants in § 924(c) cases. However, every federal court that has ruled on this issue has held that *Dean* does not announce a new rule of law that was made retroactive to cases on collateral review. *See, e.g., In re Dockery*, 869 F.3d 356 (5th Cir. 2017). While the Sixth Circuit has not

addressed this issue, this court agrees with those courts that have found that *Dean* does not apply retroactively on collateral review.

III.    Motion for Separate Trial under *Bruton*

Before trial, Frank Harper filed a motion for a separate trial from his brother Phillip Harper, raising concerns about the prejudicial impact that Phillip's redacted confessions would have on him before the jury [Doc. 100]. The issue was briefed by both sides and the court heard argument on July 1, 2013. The court denied Frank Harper's motion [Doc. 108]. Subsequently, co-defendant Justin Bowman pled guilty prior to trial, leaving only the Harper brothers and Edmond to go to trial.

Frank Harper now argues that his appellate counsel was ineffective for not raising the issue on appeal. Phillip's confessions, with Frank's name redacted, were read into evidence at the start of trial. Frank Harper, Phillip Harper and Justin Bowman were the only three defendants charged in counts eight, nine, ten and eleven. Frank argues that Phillip's confession that he "and others" committed the crimes could only have implicated one other trial defendant as to these four counts – that being Frank since Bowman had already pled guilty. Furthermore, the confessions were introduced by the government's first witness, FBI Agent Southard, who testified that he interviewed Phillip, who said that he ". . . and others

conspired together to steal vehicles from the valet attendants by carjacking them." (Page ID 1189). The agent repeated Phillip's statements about himself and "others," "they," "another person," "the three" involved with the specific crimes alleged in the indictment. Because only Phillip, Frank and Bowman were charged in four of the counts, Frank argues that the jury would have to conclude that "others" had to include Frank.

Frank maintains that Phillip's confession, along with the testimony of the agent, identified and incriminated Frank and resulted in unfair prejudice. Defendant argues that his appellate counsel should have appealed the denial of the pretrial motion for a separate trial under the rule of *Bruton*.

The government contends that while Frank, Phillip and Bowman were the only three defendants charged in counts eight, nine, ten and eleven, they were not the only possible or known participants in the conspiracy. In fact, Stratford Newton testified at trial that he participated in the carjackings. There also could have been an unindicted coconspirator. The jury had no way of knowing who the "other" person was when it heard Phillip's confession at the beginning of the trial. If the jurors could have deduced later from the indictment or other evidence at trial that Frank Harper might have been one of the "others," that is not error. *Richardson v. Marsh*, 481 U.S. 200, 207-208 (1987). The government properly redacted

all references to any conspirator other than Phillip, and had an agent read

them into the record at the start of trial.  The court also gave the Sixth

Circuit Pattern Criminal Jury Instructions §§ 7.18 and 7.20:

> You heard evidence that the defendant Phillip Harper made a
> statement in which he admitted certain facts . . . .  If you
> conclude that the statements were made, you can only consider
> them against Phillip Harper in deciding whether the government
> has proved him guilty.  You cannot consider the statements in
> any way against any other defendants.

Frank Harper's appellate counsel raised several issues on direct

appeal and "need not advance[] every argument, regardless of merit, urged

by the appellant."  *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).  In

*Bruton*, the codefendant's confession "'expressly implicat[ed]' the

defendant as his accomplice."  *Richardson*, 481 U.S. at 208 (citation

omitted).  In this case, the confession was not incriminating as to Frank

Harper on its face.  In addition, there was an overwhelming volume of

credible evidence introduced at trial to convict Frank Harper of the

carjacking and firearms charges without resorting to reliance on Phillip

Harper's confession. Finally, any prejudice was cured by the jury instruction

given at the end of the trial.  The court finds no ineffective assistance of

appellate counsel for failure to challenge the denial of Frank Harper's

motion for separate trial under *Bruton*.

IV.    <u>Failure to Challenge Jury Instruction</u>

Defendant argues that he received ineffective assistance of counsel when his trial counsel and appellate counsel failed to challenge a constructive amendment of the indictment as it relates to the § 924(c) counts.  Frank Harper was charged in counts seven, nine and eleven with Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of §§ 924(c) and 2.  The court instructed the jury by giving the Sixth Circuit Pattern Instruction JI 12.02 as to the "using and carrying" offense.  The jury was thus instructed that for the § 924(c) "using or carrying" offenses, they had to find that the defendant used or carried or knowingly possessed a firearm.  The court then gave the Sixth Circuit Pattern Instruction JI 2.10 on "Actual and Constructive Possession," which relates to "possessing a firearm in furtherance of a crime of violence" offense:

> Next I want to explain something to you about possession.  The government does not necessarily have to prove that each defendant physically possessed a gun or a car for you find him guilty of the crimes that refer to possession of a gun or a stolen car.  The law recognizes two kinds of possession, actual possession and constructive possession.  Either one of these, if proved by the government is enough to convict.

(R. 181, Trial Tr., Page ID #3325).

Harper argues that when the elements of a "using and carrying"

- 12 -

§ 924(c) offense are mixed with the elements of a "possession" § 924(c) offense, the indictment is constructively amended and reversal is required. *United States v. Castano*, 543 F.3d 826, 833-37 (6th Cir. 2008); *United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005); *United States v. Combs*, 369 F.3d 925, 930-933 (6th Cir. 2004).

The Sixth Circuit has stated that "[t]o determine whether a constructive amendment has occurred . . . we review the language of the indictment, the evidence presented at trial, the jury instructions and the verdict forms utilized by the jury." *United States v. Russell*, 595 F.3d 633, 643 (6th Cir. 2010). Defendant bears the burden of establishing that a constructive amendment has occurred.

Defendant argues that the jury instructions altered the burden of proof and prejudiced Frank Harper by erroneously instructing the jury that the requirement of "possession" in the "possession counts" could be satisfied by the lower standards of actual or even constructive possession. Since there were no "possession" counts, only the "active employment" or "carrying" definitions are the proper standards for "using or carrying."

The term "possession" is used twice in the pattern instruction given by the court for "Using or Carrying a Firearm During and in Relation to a Crime of Violence." Following that instruction, which stated the elements of

the offense charged, the court gave the "Actual and Constructive Possession" instruction to explain the meaning of the term "possession." The references to "possession" indicated that something more was required, not something less: "'Use' requires more than mere possession or storage of the firearm" and "'Carrying' also includes knowingly possessing and conveying a firearm in a vehicle which the person accompanies . . . ." The court provided a necessary explanation to a complex term referred to within the meaning of the crime for "use" and "carrying" of a firearm.

Even if the court could have been more precise in defining the term "possession" as it relates to "use and carry," the absence of all of the other factors the court is to consider precludes a finding of constructive amendment. In this case, there is no argument that the "use and carrying" charges in the third superseding indictment were accurate and never mentioned "possession." The jury was provided with the proper "use and carrying" instructions and is presumed to have followed them. *See United States v. Lawrence*, 735 F.3d 385, 403 (6th Cir. 2013). Finally, the jury verdict form was correct, and defendant does not challenge the evidence presented at trial or the arguments made by counsel. In each of the cases cited by defendant, the indictment, jury instructions, and verdict form, and

in some cases the argument and evidence, permitted the jury to find the defendant guilty of a non-existent offense.  That is simply not the case here.  The court finds no ineffective assistance of counsel for failure to challenge the jury instructions as alleged.

V.    Failure to Raise Sentencing Issue

Harper argues that he received ineffective assistance of counsel when his appellate counsel failed to raise the question, raised by defense trial counsel, as to how second or subsequent § 924(c) sentences are to be calculated in light of the Supreme Court's ruling in *Alleyne v. United States*. In *Alleyne*, the court held that because the determination of whether defendant "brandished" a firearm under § 924(c)(1)(A)(i) increased the mandatory minimum imprisonment from 5 to 7 years, that fact had to be submitted to the jury and proved beyond a reasonable doubt.  This is because any fact increasing the mandatory minimum sentence for a crime is an "element" of that crime for a jury's determination.  *Alleyne*, 133 S.Ct. 2151, 2155 (2013).  Harper argues that since a defendant can be sentenced under the "second or subsequent" § 924(c) provision for "second or subsequent" convictions that result from the same case, it is unclear whether *Alleyne's* new Sixth Amendment protections apply here. *See Deal*

*v. United States*,   508 U.S. 129 (1993).  Trial counsel raised the issue as to the verdict form, but appellate counsel did not raise the issue on appeal.

The Sixth Circuit has addressed and rejected the argument made by Harper.  *See United States v. Young*, 847 F.3d 328, 369 (6th Cir. 2017); *United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014).  Therefore, appellate counsel's failure to raise the issue on appeal was not objectively unreasonable.

Furthermore, each of Frank Harper's § 924(c) crimes occurred on different dates and at different locations, and they required proof of different facts.  Therefore, the jury could only have found him guilty of second or subsequent § 924(c) offenses.  "Because each listed predicate offense required proof of different facts and the evidence overwhelmingly established that there were two separate incidents of brandishing, any alleged *Alleyne* error was harmless."  *United States v. Soto*, 794 F.3d 635, 665 (6th Cir. 2015).  Any error in this case would likewise be harmless.

For the reasons explained above, IT IS ORDERED that defendant Frank Harper's motion to vacate, set aside or correct his sentence under 18 U.S.C. § 2255 is DENIED.

Dated:  February 8, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 8, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk